Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JOSUÉ TORRES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00149 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-42-26 |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece ante nos, por derecho propio y en *forma pauperis*, el señor Josué Torres Santiago ("señor Torres Santiago" o "Recurrente"), quien es miembro de la población correccional, mediante *Recurso de Revisión Judicial* presentado el 30 de marzo de 2026.[1] Nos solicita la revocación de la *Respuesta al Miembro de Población Correccional,* emitida el 23 de enero de 2026, notificada el 9 de febrero de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("Departamento de Corrección" o "agencia"). Por virtud del referido dictamen, la agencia le informó al Recurrente que "[s]e dio seguimiento al caso con la Oficina de Programas de Desvío. Se está en espera de recibir Resolución".[2]

---

[1] Surge del expediente que, el Recurrente suscribió dicho recurso el 24 de marzo de 2026.

[2] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial,* Anejo 2, pág. 11.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe, por falta de jurisdicción, toda vez que se tornó académico.

**I.**

Surge del expediente ante nuestra consideración que, el 15 de enero de 2026, el señor Torres Santiago radicó *Solicitud de Remedios Administrativos* ante el Departamento de Corrección.[3] En síntesis, alegó que el 10 de junio de 2025, el Comité de Clasificación refirió su caso a la Oficina de Programas de Desvío ("Oficina") para que allí se rindiera una evaluación de conformidad con el Reglamento del Programa Integral de Reinserción Comunitaria.[4] No obstante, arguyó que aún no había recibido respuesta por parte de la aludida Oficina. En vista de ello, solicitó que su caso se atendiera con inmediatez.

Evaluada su petición, el 23 de enero de 2026, la agencia emitió *Respuesta al Miembro de Población Correccional*, notificada el 9 de febrero de 2026.[5] En esencia, el Departamento de Corrección, por conducto de la División de Remedios Administrativos, le informó al Recurrente que "[s]e dio seguimiento al caso con la Oficina del Programa de Desvíos. Se está en espera de recibir Resolución. Tan pronto se reciba se entregar[á] respuesta al confinado".[6]

En desacuerdo, el señor Torres Santiago presentó *Solicitud de Reconsideración* el 19 de febrero de 2026, mediante la cual adujo que había transcurrido un periodo de más de siete (7)

---

[3] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial*, Anejo 2, pág. 9.
[4] Reglamento Núm. 9242, aprobado el 11 de diciembre de 2020, según lo establecen las constancias del Departamento de Estado de Puerto Rico.
[5] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial*, Anejo 2, págs. 10-11.
[6] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial*, Anejo 2, pág. 11.

meses sin recibir una respuesta por parte de la Oficina de Programas de Desvío.[7]

Luego evaluar su escrito, el 26 de febrero de 2026, el Departamento de Corrección emitió *Respuesta de Reconsideración al Miembro de la Población Correccional*, notificada el 10 de marzo de 2026, en la cual denegó la referida petición.[8]

Inconforme, el 30 de marzo de 2026, el señor Torres Santiago acudió ante este Tribunal de Apelaciones mediante escrito intitulado *Revisión Judicial*, en el cual presentó los siguientes señalamientos de error:

> Erró la Oficina de Programas de Desvío y División de Remedios Administrativos el DCPR, [al] no tomar medidas correctivas sobre el Reglamento del Programa de Reinserción Comunitaria, para que disponga de un término dentro de los cual se completará el proceso de reconsideración para la expedición de las aprobaciones o respuestas a tenor con las disposiciones de la Ley Núm. 38, L.P.A.U.
>
> Erro el DCR [al] no tomar medidas correctivas al culminar evaluación y expedir respuesta al recurrente a pesar de 8 meses transcurridos para la expedición del caso, una acción fuera de parámetros razonables, que no responden a la Ley Núm. 170 L.P.A.U.

Tras la presentación de su recurso, esta Curia dictó *Resolución* el 6 de abril de 2026, en la cual otorgó a la Parte Recurrida un término a vencer el 6 de mayo de 2026 para someter su posición.

De conformidad con nuestro decreto, el 1 de mayo de 2026, la Oficina del Procurador General de Puerto Rico ("Procurador General") radicó *Solicitud de Desestimación*, a la cual adjuntó dos documentos concernientes a la Oficina de Programas de Desvío.[9] En virtud de su escrito, indicó que el Recurrente suscribió su escrito apelativo el 24 de marzo de

---

[7] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial*, Anejo 2, pág. 12.
[8] SUMAC TA, Entrada 1, Apéndice de la *Revisión Judicial*, Anejo 1, pág. 1.
[9] SUMAC TA, Entrada 3, Apéndice de *Solicitud de Desestimación*, Anejos II y II.

2026. Sin embargo, advirtió que, en igual fecha, la agencia recurrida le entregó a este la notificación de la respuesta emitida por la Coordinadora de Programas de Desvío. Por tanto, razonó que, corresponde desestimar su recurso, pues consideró que se tornó académico a luz de los hechos descritos.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.
### A. Academicidad

En nuestro ordenamiento, la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). En vista de esta normativa que dimana de la doctrina de autolimitación judicial, nuestra intervención solo tendrá lugar cuando exista "una controversia genuina entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas". *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738 (2022); *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 60 (2009). Así que, solo estamos llamados a decidir asuntos instados en un contexto adversativo y en una forma históricamente visualizada como capaz de ser resuelta a través del proceso judicial. *Pueblo v. Díaz Alicea*, 204 DPR 472, 481 (2020).

Ahora bien, si un asunto no es justiciable los foros adjudicativos no ostentamos facultad para intervenir. **En ese sentido, la jurisprudencia vigente ha establecido que un**

**asunto no es justiciable cuando hechos posteriores al comienzo del pleito han tornado la controversia en académica**. *Rivera et al. v. Torres et al.*, 214 DPR 111, 132-133 (2024); *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019). Véase, también, *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 280 (2010). Particularmente, la condición académica ocurre "cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos". *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932-933 (2011); *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 652-653 (2008).

En tales circunstancias, el fallo que emita el tribunal no tiene efectos prácticos por tratarse de un asunto inexistente. *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 908 (2010). *San Gerónimo Caribe Project v. ARPe, supra*, pág. 652. Es decir, en tales contextos la "condición de controversia viva y presente se ha perdido" *Asoc. Fotoperiodistas v. Rivera Schatz, supra*, pág. 933.

Por tanto, de tornarse académico un recurso, debemos abstenernos de considerar los méritos de ese caso. *Super Asphalt v. AFI y otro*, 206 DPR 803, 816 (2021). A tales fines, la Regla 83(C) del Tribunal de Apelaciones[10] nos faculta a desestimar el recurso. En virtud de la normativa aquí discutida, "un caso debe desestimarse por académico cuando los hechos o el derecho aplicable han variado de tal forma que ya no existe una controversia vigente entre partes adversas". *Moreno v. Pres. U.P.R. II,* 178 DPR 969, 974 (2010); *P.N.P. v. Carrasquillo,* 166 DPR 70, 75 (2005).

---

[10] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### III.

Surge del expediente ante nos que, el señor Torres Santiago, quien es miembro de la población correccional, suscribió su escrito apelativo el **24 de marzo de 2026**. En este, solicitó que la Oficina de Programas de Desvío evaluara su caso en torno a un referido emitido por el Comité de Clasificación notificado el 10 de junio de 2025. Así las cosas, el **30 de marzo de 2026**, se presentó el recurso de epígrafe ante este Tribunal de Apelaciones, según lo constata el Sistema Unificado de Manejo y Administración de Casos.

Sometido su escrito, advenimos en conocimiento, por medio de información brindada por el Procurador General, que el recurso se tornó académico. **Así, pues, consta en el expediente que, el mismo día en que el Recurrente suscribió su recurso, la Oficina del Programas de Desvío le remitió notificación en cuanto a la *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos para el Programa de Pase Extendido con Monitoreo Electrónico.*[11]** En virtud de este documento, dicha Oficina le comunicó al señor Torres Santiago que este no cumple con los criterios de elegibilidad para participar del programa de pases extendidos.

A la luz de lo anterior, determinamos que el recurso se tornó académico una vez el Recurrente recibió la notificación de respuesta solicitada. Precisamos que los cambios fácticos acaecidos impiden que revisemos el escrito presentado por el señor Torres Santiago. Advertimos que, ante tal contexto, no existe una controversia viva y presente que nos faculte a ejercer nuestro rol adjudicativo a nivel apelativo. Véanse, *Rivera et al. v. Torres et al., supra*, pág. 132-133; *Ramos, Méndez v. García*

---

[11] SUMAC TA, Entrada 3, Apéndice de *Solicitud de Desestimación*, Anejo II.

*García, supra,* pág. 394; *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* pág. 933. Acontecidas las circunstancias aquí discutidas, resolvemos que estamos privados de jurisdicción, por lo que, nos corresponde desestimar el recurso de epígrafe, de conformidad a la Regla 83 (C) del Tribunal de Apelaciones, *supra.*

## V.

Por los fundamentos que anteceden, **desestimamos** el recurso de epígrafe por ausencia de jurisdicción, toda vez que se tornó académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones